IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  Civil No. 1:16-cv-260-HSO
Criminal No. 1:12cr34-HSO-JCG-1

BENJAMIN JOSEPH CASPER, III

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' [36] MOTION TO DISMISS AND DENYING DEFENDANT'S [32] MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the United States of America's Motion [36] to Dismiss, the Motion [32] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Defendant Benjamin Joseph Casper, III ("Defendant" or "Casper") pursuant to 28 U.S.C. § 2255. Casper has not responded to the Government's Motion, and the time for doing so has passed. After due consideration of the issues presented, the record, and relevant legal authority, the Court is of the opinion that the Government's Motion [36] to Dismiss should be granted and that Casper's § 2255 Motion should be denied.

I. FACTS AND PROCEDURAL HISTORY

On July 2, 2012, Casper pleaded guilty to Count 1 of a single-count Indictment [3], *see* July 2, 2012, Minute Entry, which charged that

> [o]n or about September 6, 2011, in Harrison County, in the Southern Division of the Southern District of Mississippi, the defendant, **BENJAMIN JOSEPH CASPER III**, having been convicted previously

-1-

of a felony, that is, a crime which is punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, which had previously been shipped and transported in and affecting commerce.

In violation of Sections 922(g)(1) and 924(a)(2), Title 18, United States Code.

Indictment [3] at 1.

Casper's guilty plea was made pursuant to a Plea Agreement [19] with the Government, which provided in relevant part that Allen

> expressly waives the following rights:
> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

Plea Agreement [19] at 4. At the plea hearing and in the Plea Agreement [19], Casper and his attorney declared that the terms of the Plea Agreement were read by or to Casper, explained to Casper by his attorney, understood by Casper, voluntarily accepted by Casper, and agreed to and accepted by Casper. *Id.* at 6.

To assist the Court in sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). *See* PSR [28] (filed under seal). Because Casper had previously been convicted in the Circuit Court of Harrison County, Mississippi, on November 9, 2006, for possession with intent to distribute a controlled substance, and again on April 6, 2009, for a separate offense of possession of a controlled substance with intent to distribute, the Probation

Office determined that Casper's base offense level under United States Sentencing Guideline § 2K2.1(a)(2) was 24. Because Casper possessed a firearm in connection with another felony offense, namely that Casper was in possession of a felony amount of marijuana which he and his girlfriend intended to distribute, the PSR added a four-level adjustment for this specific offense characteristic. *See* U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B). After a two-level adjustment for obstruction of justice, Casper's total offense level was 30.

Casper's counsel raised several objections to the PSR, including one to the four-level enhancement Defendant received under § 2K2.1(b)(6)(B). *See* Def.'s Objs. [28-2] (filed under seal). At the sentencing hearing, the Government presented evidence of Casper's having possessed a handgun and more than 30 grams of marijuana, and of his intent to sell the marijuana. The Court overruled Casper's objection. *See* Miss. Code. Ann. § 41-29-139(b)(2)(A).

Based upon a total offense level of 30 and a criminal history category of V, the imprisonment range under the Guidelines for Casper was 151 months to 188 months. However, the statutorily authorized maximum sentence was 10 years, which was less than the applicable guideline range, making the guideline term of imprisonment 120 months. *See* U.S. Sentencing Guidelines Manual § 5G1.1(a). Casper was sentenced on September 27, 2012, to a term of imprisonment of 120 months, and the Court entered Judgment [30] on October 1, 2012. J. [30] at 1-2. Casper did not file a direct appeal.

On June 16, 2016, Casper filed a Motion [32] pursuant to 28 U.S.C. § 2255.[1] Casper argues that under *Welch v. United States,* 136 S. Ct. 1257 (2016), and *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior offenses no longer constitute crimes of violence under United States Sentencing Guideline §§ 2K2.1(a)(2) and 2K2.1(b)(6)(B). Mot. [32] at 4; Mem. [33] at 2-14. Casper refers to charges of domestic violence and possession of 13 grams of marijuana, which he claims is a misdemeanor under 21 U.S.C. § 844. Mem. [33] at 2. Casper asks the Court to vacate his sentence and judgment and to resentence him. *Id.* at 14-15.

On August 1, 2016, the Government filed a Motion to Dismiss [36] seeking to enforce the waivers contained in Casper's Plea Agreement. *See* Mot. [36] at 2-3. The Government maintains that Casper's § 2255 Motion must be dismissed because Casper voluntarily waived his right to collaterally attack his sentence in such a motion, *id.* at 3, and that Casper's Motion lacks merit inasmuch as *Johnson* does not control here because it applies to prior violent felony convictions, rather than to prior controlled substance convictions, *id.* at 4.

## II. DISCUSSION

A. Relevant legal authority

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) the sentence

---

[1] According to the Motion [32], Casper executed and placed it in the prison mailing system on June 16, 2016. Mot. [32] at 12. It was filed by the Clerk of Court on July 8, 2016.

-4-

was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also United States v. Cates,* 952 F.2d 149, 151 (5th Cir. 1992). "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels,* 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991)).

B. <u>Casper waived his right to contest the sentence or the manner in which the sentence was imposed in a § 2255 motion.</u>

A defendant's waiver of his right to collaterally challenge his sentence by way of a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 motion); *see also United States v. Hollins,* 97 F. App'x 477, 479 (5th Cir. 2004). Waivers of the right to pursue a collateral attack are enforced, even where the grounds for filing a § 2255 motion arise after the defendant entered into the plea agreement. *Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001).

The United States Court of Appeals for the Fifth Circuit has held that there are two situations in which a § 2255 waiver does not preclude review: (1) an ineffective assistance of counsel claim where the claimed ineffective assistance

directly affected the validity of the waiver in the plea itself; and (2) a claim that the sentence exceeds the statutory maximum. *Hollins,* 97 F. App'x at 479. Neither circumstance is present in this case.

Pursuant to the plain terms of his Plea Agreement [19], Casper explicitly waived his "right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . ." Plea Agreement [19] at 4. In opposition to Casper's § 2255 Motion, the Government has filed a Motion to Dismiss seeking to enforce this waiver. Mot. [36] at 2-3. There is no indication in the record, nor is there any argument by Casper, that his waiver was involuntary or unintelligent. Nor does Casper claim that his counsel was ineffective or that his sentence exceeded the statutory maximum. Accordingly, the enforceability of the waiver under the facts of the present case is beyond question. *See Wilkes*, 20 F.3d at 653; *Hollins,* 97 F. App'x at 479. The Government's Motion to Dismiss [36] should be granted.

C. <u>Even if the collateral-review waiver did not apply, construing all facts alleged in Casper's favor he has not shown that he is entitled to any relief under § 2255.</u>

1. <u>Relevant legal authority</u>

In support of Casper's Motion, he relies upon *Welch v. United States,* 136 S. Ct. 1257 (2016), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that imposing an increased sentence under the "residual clause" of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B), violates the

Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2563. *Welch* held that the rule announced in *Johnson* is retroactive to cases on collateral review. *Welch*, 136 S. Ct. at 1268.

The ACCA provided that

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). The emphasized clause beginning with "or otherwise" in this definition is known as the residual clause.

Prior to their most recent amendments, Section 4B1.2(a) of the United States Sentencing Guidelines contained an identically-worded residual clause. *See Beckles v. United States*, 137 S. Ct. 886, 890 (2017) (citing U.S. Sentencing Guidelines Manual § 4B1.2(a)). In *Beckles*, the United States Supreme Court considered whether the Guidelines' residual clause is also void for vagueness under the Due Process Clause. *Id*. *Beckles* held that because the Guidelines are advisory, they are not subject to a vagueness challenge under the Due Process Clause, and the residual clause contained in § 4B1.2(a)(2) was not void for vagueness. *Id.* at 892.

> 2. Casper is not entitled to any relief under § 2255 related to the calculation of his base-offense level under § 2K2.1(a)(2).

With respect to Casper's base offense level under United States Sentencing Guideline § 2K2.1(a)(2), Section 2K2.1(a)(2) provides that a defendant's base offense level is

> **24**, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . . .

U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (emphasis in original).[2] The commentary refers the reader to the definition of "crime of violence" contained in § 4B1.2(a), as in *Beckles*. To the extent Casper challenges the residual clause of § 4B1.2(a) under *Johnson* and *Welch*, *Beckles* clearly forecloses his argument.

Moreover, based upon the facts here, the Court did not calculate Casper's base offense level based upon a "crime of violence," nor did it apply the residual clause of § 4B1.2(a). As the PSR plainly discloses, the Court relied upon two previous felony convictions for controlled substance offenses to arrive at Casper's offense level and did not rely upon crimes of violence. Therefore, the residual clause is wholly inapplicable to Casper's case.

The commentary to Guideline § 2K2.1(a)(2) refers the reader to the definition of "controlled substance offense" in § 4B1.2(b):

> [t]he term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year,

---

[2] The PSR utilized the 2011 Guidelines Manual, but the quoted provisions were identical to those in the current 2016 Guidelines Manual.

> that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S. Sentencing Guidelines Manual § 4K1.2(b). The PSR did not rely upon crimes of violence, but instead upon two prior felony convictions of controlled substance offenses in the Circuit Court of Harrison County, Mississippi, in November 2006, and April 2009. Casper is not entitled to any relief under § 2255 on this ground.

3. <u>Casper is not entitled to relief under § 2255 as to the four-level adjustment under § 2K2.1(b)(6)(B).</u>

Casper was properly assessed a four-level adjustment under § 2K2.1(b)(6)(B), which provides in relevant part that if the defendant

> used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by **4** levels.

U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (emphasis in original). There is no reference to "crime of violence" or the residual clause in this provision of the Guidelines. Casper's reliance upon *Johnson* and its progeny on this point is misplaced.

This enhancement was properly assigned to Casper, as the Court determined that he possessed a firearm in connection with another felony offense, specifically possession of a felony amount of marijuana which Casper and his girlfriend intended to distribute. *See* Miss. Code. Ann. § 41-29-139(b)(2)(A). Casper's arguments as to this adjustment are without merit.

-9-

III. CONCLUSION

In light of the waiver contained in Casper's Plea Agreement, the Government's Motion to Dismiss [36] will be granted, and Casper's § 2255 Motion [32] denied without an evidentiary hearing. Even if the waiver did not apply, because the § 2255 Motion [32], files, and records conclusively show that Casper is entitled to no relief, the Court finds that Casper's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [36] to Dismiss filed by the United States of America is **GRANTED** and the Motion [32] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Defendant Benjamin Joseph Casper, III, pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 18th day of May, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE